**Prakash KHANAL, Petitioner,**

v.

**Michael B. MUKASEY,[1] United States Attorney General, Respondent.**

**No. 07–0709–ag.**

United States Court of Appeals, Second Circuit.

April 4, 2008.

Usman B. Ahmad, Long Island City, New York, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General; Barry J. Pettinato, Assistant Director; Robbin K. Blaya, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. ROBERT A. KATZMANN, Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Petitioner Prakash Khanal, a native and citizen of Nepal, seeks review of the January 29, 2007 order of the BIA denying his motion to reconsider. *In re Prakash Khanal,* No. A76 495 146 (B.I.A. Jan. 29, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

The BIA's regulations require an alien to file a motion to reconsider within 30 days of the date on which the final administrative decision was rendered in the proceeding sought to be reconsidered. *See* 8 U.S.C. § 1229a(c)(6)(B); 8 C.F.R. § 1003.2(b)(2). Here, there is no dispute that Khanal's July 2006 motion was untimely where the BIA issued a final removal order in December 2002. *See* 8 C.F.R. § 1003.2(c)(2). However, Khanal argues that the BIA abused its discretion by declining to *sua sponte* reconsider his case in light of our decision in *Ming Shi Xue v. BIA,* 439 F.3d 111 (2d Cir.2006). We lack jurisdiction to review a decision of the BIA regarding whether to reopen or reconsider a case *sua sponte* under 8 C.F.R. § 1003.2(a). *See Ali v. Gonzales,* 448 F.3d 515, 518 (2d Cir.2006).[2]

For the foregoing reasons, the petition for review is DENIED.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

2. Even if we maintained jurisdiction over the instant petition, we would find no abuse of discretion in the BIA's decision, when the change in law was not pertinent to the ground upon which the BIA denied petitioner relief.